Dear Sir:
As counsel for Sheriff Richard Edwards of Jefferson Davis Parish you have asked for an opinion from this office regarding the commission due a sheriff under the provisions of La. R.S.33:1428.
The situation with which are concerned involves the issuance of a writ of seizure and sale but said seizure and sale, is discontinued or canceled by the plaintiff in writ prior to execution with no consideration paid to plaintiff by settlement or other means. Your request also assumes that there is no successful bid on the property prior to the termination of the proceedings by the plaintiff.
You ask what is the appropriate commission to the Sheriff under these circumstances. Subsection (13)(a) of the above referenced statute provides the right of the sheriff to receive a fee or commission as in the case of sale when the plaintiff discontinues the action, as in your hypothetical, but it fails to define the method for calculating the commission in such a circumstance. Subsection (13)(b), as amended in 1992, provides for a negotiated settlement of the amount of the commission due the sheriff by the plaintiff, said settlement being at the sole discretion of the sheriff. Assuming the sheriff is unwilling to accept the offer of the plaintiff, there is no clear answer to what would be the amount of his commission. One may argue that the provisions of Civil Code Art. 2336 serve as a guideline and that the commission could be predicated on two-thirds of the appraised value of the property. This assumes, of course, that there has been an appraisal.
The only other subsection of R.S. 33:1428 that provides any assistance is A.(7)(c) which states that "[N]o agreement shall be valid which provides for a fee or commission in any case of less than fifteen hundred dollars." This would be the lower end of any negotiated settlement between the plaintiff and sheriff as provided by subsection (13)(b).
If the sheriff and the plaintiff are unable to reach a compromise and there is no bid price to base the calculations on, the sheriff could petition the court to set the fee or commission under summary or ordinary proceedings.
We hope the above is responsive to your request, however should you have any additional questions or information relating to this inquiry, please do not hesitate to contact the undersigned at your convenience.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT B. BARBOR Assistant Attorney General
RBB/tp